Shaw, C. J.
This is an action to recover on a policy, made by the defendants, to insure personal property of the plaintiff, consisting of horses, carriages, and livery stable stock, kept by the plaintiff at Great Barrington. The policy had been duly issued, through the agency of Henry Wheeler, agent of the defendants at Great Barrington, and the fire occurred within the term of one year specified in the policy.
There were several grounds of defence specified, but the only one ultimately relied on was, that, by the terms of the policy, the insurance should be forfeited if other insurance should afterwards be obtained on the same property, not assented to by the defendants, and that such insurance was obtained; by reason whereof this policy became void before the fire. The present policy was dated on the 14th of August, 1850, for one year from that day, to the 14th of August, 1851. The policy referred to the “ application of the same date, lodged with the secretary, which said application shall form part of the contract, to be taken in connection with this policy.” The act of incorporation and the by-laws of the company are annexed, and the policy, recognizing the plaintiff as a mem *472 ber, and acknowledging receipt of premium, deposit note, &cv insures him $1,000 in the second class of risks, under the conditions and limitations expressed in the rules aforesaid Article 14 of the by-laws provides, that in case any othej insurance, prior or subsequent, shall subsist upon property insured by this company, the policy issued by this company shall be deemed and become void, unless such other insurance subsist with the consent of the directors, signified by a state ment thereof in the policy, or by an indorsement thereon signed by the secretary.
By these references to the by-laws and to the “ application,” and by the adoption of them into the policy, they became a part of the contract, as conditions and stipulations, in the same manner as if expressed in the policy. Assuming this to be so, the defendants offered evidence for the purpose of showing that, after the issuing of this policy, the plaintiff obtained insurance at The People’s Mutual Insurance Company, on the 22d day of August, for another sum of $1,000, which was in force when the fire occurred, in November of the same year.
To avoid this defence, the plaintiff contended that this subsequent insurance was known and assented to by the defendants, and that they waived a compliance with that article of the by-laws. For this purpose, he offered a memorandum, made by the applicant on his “ application,” which was on it when transmitted to the company, on which the policy in the present case was made, to this effect: “ Applicant asks leave to insure $1,000 on same property, in some other company. Please signify the assent of the company in the policy.” And this application was approved, by an indorsement thereon, by A. D. Wait, director. It is contended, that this was a distinct notice that he intended to get such further insurance.
But we think this evidence is far from warranting the inference sought to be drawn from it. It certainly proves notice of the applicant’s desire to have leave to make further insurance, and that this permission might be expressed in the policy. But it was not so expressed, and the non-compliance *473 with, such an explicit request is almost as significant as a refusal. And the assent and approval of the director was an approval only of the application, and did not constitute the contract, or any part of it.
In this respect, it may be remarked that there is an obvious distinction between notice of a past and subsisting insurance on the same property, and notice of a desire or intention to obtain a future insurance; either of which, without the assent of the company, avoids the policy. A subsisting insurance already made, if there be one, is a fact, fixed and- unalterable, and capable of proof. If notice of such be given in writing, then the company make their new policy with notice of it; they know certainly that the double insurance will subsist the moment the new policy is made; and it must subsist, therefore, by their act, and, of course, by their consent. But mere notice, that the assured wishes to make further assurance, to which they do not assent, and to which, when actually made, they have given no assent, cannot have the same effect.
But several other grounds of waiver of this stipulation, to avoid the policy in case of other insurance, are insisted on by the plaintiff. One is, that the same agent, through whom the policy of the defendants was obtained, acted for The People’s Mutual Insurance Company, in effecting the second insurance. But waiving the question whether any agent, or subordinate officer, can waive an express stipulation in a contract already made and executed, or whether his agency had not wholly ceased for the defendants when he acted as agent for The People’s Mutual Insurance Company, his mere knowledge of the making of the second policy could not amount to an assent on the part of the defendants. Barrett v. The Union Mutual Fire Ins. Co. 7 Cush. 175.
It was further insisted, that the claim of an assessment of the plaintiff, long after obtaining the second policy, was a waiver; because the treasurer, in issuing his note of assessment, indorsed, in a printed form, a schedule of losses claimed of the company, in which the claim of the plaintiff was included. But to this is appended a note, showing it “ unad *474 justed; ” so that, on the face of it, it was a mere notice to the members of the company, from the treasurer, that such a loss was claimed, without any admission that it was allowed; nor does it appear that, at that time, they were apprised of the fact on which their defence now rests, forfeiture by a subsequent insurance, not assented to.
A motion was made for a new trial, on the ground that the subsequent insurance of the plaintiff on the same property, by The People’s Mutual Insurance Company,' was void, because no assent to a previous insurance was given in their policy, and so, by a clause in their by-laws, that policy was void. But, upon an examination of the facts, we think this objection will appear to be without foundation. We have not the policy itself, issued by The People’s Office, but we have an extract from it in the plaintiff’s affidavit The insurance is made for “ one thousand dollars, on the livery stock, as per application on file, contained in the two-story wooden livery stable, situated in Great Barrington.” Here the reference to the “ application ” makes it a part of the contract On turning to the “ application,” in answer to question 10, whether encumbered, &c., and whether insured, the answer is: “ No.— There is insurance of $1,000 on the same property, which please specify in the policy.” The answer “ no ” applies manifestly to that part of the question which inquires respecting encumbrance ; and the residue of the answer, to that part of the question which inquires whether insured or not.
Now here was express notice of an existing fact, in the application which is the basis of the contract; and this must have precluded The People’s Company from setting up such an objection. It appears that they had taken the same view of it, and had paid the loss.
We think the defence well maintained, and that there must be

Judgment for the defendmts.